The next case this morning is 521-0229, People v. Miller. Arguing for the defendant appellant is Unsan Nam. Arguing for the appellee state is Hiram Fenjak. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Morning, counselors. Ms. Nam, are you ready to proceed? Yes, Your Honor. All right, you may proceed. Good morning, Your Honors. May it please the court, counsel, Assistant Appellate Defender Unsan Nam, on behalf of Richard Miller. In July 2017, this court reversed and remanded Mr. Miller's case for further post-conviction proceedings regarding the claims he set forth in paragraph 9D, E, F, and H of his petition. On remand, the trial court dismissed the claims at the second stage and Mr. Miller appealed. There are two issues on appeal, but the focus today will be on the first issue, which is whether Mr. Miller made a substantial showing that his plea counsel was ineffective for, one, failing to file a motion to withdraw his guilty plea, and, two, for failing to properly investigate and advise of potentially meritorious defenses prior to Mr. Miller entering into the guilty plea. So turning to the first point, he's made a substantial showing that counsel was ineffective for failing to file a motion to withdraw a guilty plea because in his petition, he alleged that he explicitly instructed counsel to do so. And this issue is analyzed under the two prongs, the Strickland versus Washington. As to the deficiency prong, because the state doesn't explicitly argue against it and only focuses on the prejudice prong, this court should determine that the amended petition made a substantial showing, that plea counsel performed efficiently as to this point of not filing a motion to withdraw a guilty plea. As to the prejudice prong, the state argues that Mr. Miller cannot demonstrate prejudice because he hasn't established the existence of plausible defenses. However, as argued in our opening brief, pages 10 to 24, and reply brief pages 1 to 11, Mr. Miller has plausible defenses. To constitute a substantial showing, Mr. Miller's post-conviction allegations needed to entail some explanation of the grounds that could have been presented in a motion to withdraw a guilty plea. And the petition does, on multiple grounds. First, he established that there's a potentially meritorious defense that he acted in self-defense. Another meritorious defense is that Mr. Miller's account of the events taken as true, which unless it's rebutted by the record, but taken as true here, also negates the element of intent or knowledge. And another ground is a misapprehension of law, where because plea counsel failed to investigate, advise, discuss these potentially meritorious defenses, that he entered into a guilty plea without knowing the law. So a misapprehension of the law. As this court knows, prior to entering into a guilty plea, those steps that lead up to a guilty plea is usually an attorney-client's discussion off of the record. And as such, in this case, Mr. Miller's discussions with his plea counsel about what led to him pleading guilty is not a matter of record. But what is a matter of record is that Mr. Miller filed pro se motions here. He filed pro se post plea motions when he realized that counsel had yet to file post plea motions or he believed that counsel wasn't going to file post plea motions. So what's clear is that he wanted to withdraw his guilty plea. His pro se motions showed that. And he wanted to go to trial, and he would have gone to trial, but for counsel's ineffectiveness. Based on the circumstances here, the cases that are instructive are People v. Bass and People v. Williams. In Bass, the attorney failed to thoroughly and properly communicate the state's evidence against the defendant, Mr. Bass. And in People v. Williams, the claims included that counsel's inaccurate information to Mr. Williams or the defendant about the penalties that he faced led to these defendants pleading guilty. It's the same issue here. Mr. Miller pled guilty on a misapprehension of the law without knowing the state's case against him. This also refers to the second point that I will be getting to. But Bass and Williams are instructive because the courts there both found that the allegations in the petition, which is required at the second stage in light of the record, the trial court erred in dismissing these claims without holding an evidentiary hearing. And what's so important from People v. Bass is that the Bass court correctly understood this problem that we're facing here in Mr. Miller's case. In Bass, the court addressed the question, how could one piece of evidence? Or in Mr. Miller's case, multiple pieces of evidence such as the potential witnesses or the existence of plausible defenses. How could this one evidence or, in our case, multiple pieces of evidence really be material to a plea decision when there's so much other damning evidence or so much other evidence that the state has? The Bass court correctly recognized that this analysis, if it's this one piece of evidence or if it's all of this other evidence, recognized that such an analysis approaches a credibility determination, which is most appropriate for the third stage. And that's what Mr. Miller is asking here for a third stage evidentiary hearing because of these issues, whether knowing that he had a defense of self-defense would have would have been enough for Mr. Miller to not plead guilty, whether knowing that he not only had a self-defense claim, but a defense to the element of element of intent and knowledge, if that would have been enough. In his case, he's arguing that it is. Plus, now we have the issue of him pleading guilty and a misapprehension of the law based on plea counsel's failure to advise him. And turning to kind of transitioning to the meritorious defenses, which is a part of the state's argument that Mr. Miller cannot establish plausible defenses. Again, Mr. Miller has established two potential possible defenses or potentially meritorious defenses in this case. And a review of the facts is is helpful here. So prior to this shooting where he fired one shot into the air a week before he had been shot. So Mr. Miller argued that he had been shot a week before, that he was in apprehension of his life, that he was scared, and that his actions of firing a shot, a single shot, was due to his fear that he had been shot. This is a result of that. When when the complainant, Omar Mintz, and a few others came at his car, saying that he would not get out of the parking lot alive, coming at him with a box cutter. He said that he he was in fear that he had just been shot prior to this incident. And that's what led to him shooting. This goes against the element of knowledge and intent that he purposely had a gun, that he purposely shot at Omar Mintz. And it also goes to the defense of self-defense, in that because he was scared and the circumstances that led up to the shooting shows that that he fired a single shot in his defense. And as to the second point, it's not just it's not just that counsel didn't didn't talk to him about this. Of course, his argument is that counsel failed to investigate this, failed to discuss these meritorious defenses, failed to review the state's evidence against him to discuss these defenses in light of the state's evidence and to obtain statements from witnesses like Tyra Hutton and Kevin Mays. So it's it's all of these issues that counsel failed to do. And this establishes the deficient performance, that deficient performance prong of ineffective assistance. And as to the second point, and again, as to prejudice, the facts show he has established enough facts in his petition and his amended petition to establish that he he was or he had these potentially meritorious defenses. And to address this is it must be addressed at a third stage evidentiary hearing. So the trial court here erred in dismissing this at the second stage, especially as this court knows, this court specifically sent this case back to address this or to address these claims. And the trial court again dismissed it at the second stage, even though Mr. Miller has sufficiently alleged facts to support his claims. And unless this court has any questions, I'll come back on rebuttal. But we ask this court to reverse and remand his case for further second stage proceedings based on these claims. Third stage. Thank you. Questions. Justice Welch. No question. Justice McCain. No questions. All right. Jack, you already proceed. Yes, your honor. So. With respect to the petitioner's first main argument, which counsel just went over that he had the existence of meritorious defenses. Petitioner basically arguing that counsel was ineffective for two main reasons. Number one, that he failed to properly investigate the evidence and advise him regarding several meritorious defenses. The first one being self-defense. The second one, that he lacked the necessary state of mind, the intent or knowledge to shoot the victim. So. It is true that the. As the petitioner notes, the record is silent as. As far as what discussions the petitioner had with his. Is a plea counsel and what investigations plea counsel may have taken. But the state's position we keep coming back to is that. He cannot show prejudice. Regardless of the any deficiencies that may. Have occurred on the part of his plea counsel. Petitioners. Version of events taken as true as we must at the second stage. Simply do not on their face. Do not establish a plausible defense. A defense that would have any significant chance of success at trial. Petitioner claims that. Basically, him and his friend got into an argument. At a bar with another group of people. Petitioner and his friend entered their vehicle. And then the victim. Approach the truck and told the petitioner he wasn't going to make it off the lot. And petitioner claims he was armed with a box cutter. So. Petitioners arguing that. He. Firing firing a shot in that instance. It was a legitimate act of self-defense. But he simply. That argument that claim just. On its face is not plausible. There. Despite the protection of the vehicle. From a weapon, such as a box cutter. The ability to drive away. Asserts that he felt it necessary to use deadly force in order to protect his life. That's simply not a credible. Position to take. As far as his other claim. That he lacked the necessary state of mind. To have committed the offense of aggravated battery with a firearm. Um, he. Again, he he's. He keeps referring to the fact that he always. Insisted he never intended to shoot the victim. But, um, again, his own account of how the events transpired. Contradicts the notion that he lacked intent. And illustrates the implausibility of such a defense. Which is a plausible offense is necessary to satisfy the prejudice prong. He admits that he deliberately discharged the firearm. Claiming that he was. Attempting to fire a warning shot into the air over the victim. But nonetheless, somehow still managed to hit the victim. Which just. His own description of what happens. What happened negates his claim that. He didn't intend to shoot the victim. Um, so, um. Because petitioners fail to establish either of his defenses. The self defense defense, or the, uh. Lack of knowledge and intent had a reasonable chance of success. He cannot claim he suffered prejudice due to any possible deficiencies on the part of his plea council. Um, as far as. The 2nd argument that, uh. The console is ineffective for disregarding petitioners instructions to withdraw his guilty plea. Again, the record is silent as far as what discussions. You may have had with plea counsel. On, um. You know, whether he told them to, uh. Withdraw his guilty plea and plea counsel refused to do so, or did not follow up on it. But again, um. To establish prejudice, uh. The petitioner must not only allege the grounds that could have been presented an emotion to withdraw guilty plea. But also show a reasonable probability that the motion would be granted on those grounds. Um, the, uh. The factors. The plea was entered on a misapprehension of the facts or the law. Petitioner never has asserted that. Uh, his counsel told him that the self defense. Defense was not an option, just that he failed to follow up. Investigate witnesses, things of that nature. Um, the 2nd criteria, there is a doubt. As to the guilt of the defendant. Um, Jack, with regard to the self defense claim. What evidence is, or that the victim had box cutters because the defendant did not mention box cutters in the statement and allocution of sentencing. Did he. No, he, he did not. He did not mention reports that indicate. Where does that information come from? Post convention post conviction counsel attached a property sheet from. The hospital that the victim was taken to afterwards. And a box cutter was recovered in his property. Um, and petitioner also claims. Uh, did he in in his petition, he claims that he told his counsel. That, uh, he, the victim was threatening him with a box cutter and screaming that he. Wouldn't leave the parking lot alive, but again, this is after he was in. The truck with his friend, and they were in the process of exiting. The parking lot, um, so. Claiming that he needed to use deadly force. While he's inside a car. In the process of leaving. Again, someone armed with a box cutter, which. Can be a can be a deadly weapon, but in this instance. Did not pose a imminent threat. The bodily harm to the petitioner. So, again, that. His very own account on its face. Um, fails to. Demonstrate the plausibility of. A self defense claim. He also claims he shot the pistol up in the air, but clearly the. Pistol must have been named at the victim. Right that's the state's argument is that it's. He's claiming he, he tried to shoot it over the. Victim's head as a warning shot. In other words that he didn't intend to shoot him, but. Somehow he still managed to shoot him. So, it's. It pretty much. Negates his claim that he didn't that he lacked the intent. To, uh, to actually shoot the victim. Um, so. Regardless of whether petition petitioner. Um, is able to make a showing that. Council ignored his directive to file a motion to withdraw his plea. Which again, that's not part of the record. So. Um, you know, we can't make a determination on that. He's still failed to show. That the grounds for withdrawing his plea would have had a reasonable probability of success. Therefore failing to show prejudice. Um, therefore the trial courts. Uh, 2nd stage dismissal of his petition was proper and should be affirmed. Thank you, Mr. Questions just swell. No question. Questions just. No questions. Rebuttal. Yes, your honors. I would ask this, uh, this court to review the exhibits and Mr. Miller's post-conviction petition. Their record. C2, 64. 320. Especially 320 is the. Uh, medical report for the complainant where the box cutter is found. Um, on in his, in his possession. Um, also. On page four of our reply brief. We talk about, um, We talk about the. The fact that. Um, the complainant doesn't have to have a. Um, doesn't have to have a deadly weapon for, um, the defendant. Uh, and in this case, Mr. Miller to, uh, use deadly force. Mr. Miller. Um, I'm going to ask you a question. Was it ever brought up? You know, he was driving the vehicle, right? He was the passenger. Oh, he was the pastor. Okay. Thank you. Yes. So he was the passenger. So. I know. Um, Uh, The opposing council talks about how it's, it's not. It's not likely. It's not possible that they couldn't just drive off, but he wasn't the driver. He's the passenger. They were coming at him. He felt. Um, he felt apprehension. He felt fear. Because of what happened to him prior a week prior. And that's, that's when he fired a single shot. Also, because we're at the second stage, I think that's, that's really important here. We're at the second stage, which means that we're not dealing with the credibility contest at this point. What we have to do at the second stage is to liberally construe the petition. And Mr. Miller has alleged sufficient facts to, um, meet the burden at the second stage of a substantial showing. And these matters should be matters for, uh, an evidentiary hearing for Mr. Miller for plea council for the potential witnesses that, uh, Mr. Miller has alleged. Um, and again, I want to go back to, uh, people versus bass and people versus Williams. Whether we're talking about one piece of evidence that can, um, that can influence a client's decision to plead guilty. That's a matter of matter of credibility and should be a matter discussed at the third stage here. It's not even a single piece of evidence. We have the box cutter that's attached or the evidence of a box cutter in exhibit seven. We have all of the police reports that have been attached to the post conviction petition. We have Mr. Miller's pro safe, uh, pleadings, Mr. Miller's, um, I think it's exhibit six where Mr. Miller has, uh, attached his affidavit. Um, and again, this is a second stage, uh, where we have to take these matters as true because it's not rebutted by the record, whether he fired it into the air and, you know, it's somehow, um, hit Mr. Mims that's a matter to be discussed because in his mind, he was scared. He fired a single shot. It wasn't, it wasn't that he fired multiple shots recklessly or, um, just without, without thinking about hitting all of these people, he fired a single shot because he was scared. Um, and again, the, the facts that lead up to it support that. Um, and again, the cases in Bass and Williams are similar where it's the deficient performance is what council didn't do, what council failed to do. And regarding that matter, uh, the court's found correctly that an evidentiary hearing of evidentiary hearing was required. And that's what we're asking here for this court to reverse and remand so that he can get an evidentiary hearing on these matters, uh, regarding the meritorious defenses and the fact that plea council did not file a motion to withdraw guilty plea. Unless there's any questions, your honors. Thank you, Ms. McCain. No questions, right? Thank you. We appreciate your arguments. We will consider those. We'll take the matter under advisement and issue a decision in due course.